UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:17-cr-00007-TLS-SLC-4 |
| | ) | |
| RONNIE D. BURRUS, *also known as* | ) | |
| Ronnie Robinson | ) | |

## OPINION AND ORDER

Before the Court is *pro se* Defendant Ronnie D. Burrus's Motion For a Release on Own Recognizance filed on October 17, 2017 (DE 72), seeking his immediate release from federal custody and the dismissal of the indictment against him. On October 25, 2017, the Government filed a response objecting to Burrus's motion. (DE 74). After the Government filed its response, Burrus appears to have filed his Motion For a Release on Own Recognizance a second time.[1] (DE 75). On November 1, 2017, Burrus filed a letter, again requesting that he be released pursuant to his Motion For a Release on Own Recognizance, and objecting to the current trial date of January 8, 2018. (DE 76).

In Burrus's motion, he argues that the following circumstances support his immediate release: (1) he has requested that the Court give him a fast and speedy trial once under "Criminal Rule 4(B)" (DE 72 ¶ 1), once while waiving his right to a bond hearing (DE 72 ¶ 2), once through a motion (DE 72 ¶ 3), and once at hearing on September 13, 2017 (DE 72 ¶ 4); and (2) he has been held in custody without a trial more than 70 days since the date of his indictment on February 22, 2017, which violates 18 U.S.C. § 3161(c)(1) (the "Speedy Trial Act"), "[Criminal Rule] 4(B)(2)," and *Crosby v. State*, 597 N.E.2d 984 (Ind. Ct. App. 1992) (DE 72 ¶¶ 5-6).

---

[1] The Court will refer to both filings (DE 72 and DE 75) as "DE 72" in this Opinion and Order.

The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The problem for Burrus, as the Government points out, is that he has confused the rights prescribed under the federal Speedy Trial Act with similar rights conferred by Indiana-state laws and rules. Indeed, Burrus's references to Criminal Rules 4(B) and 4(B)(2) are references to the Indiana Rules of Criminal Procedure, which, like the holding in *Crosby*, do not apply to this case in federal court. *See* Fed. R. Crim. P. 1(a)(1).

Moreover, the clock for Burrus's speedy trial has not yet started to run. Again, the clock does not begin to run until the defendant is charged by a public indictment, or until the defendant has his first hearing in the case pending against him, whichever occurs later. 18 U.S.C. § 3161(c)(1). Burrus's indictment was not made public for the purposes of the Speedy Trial Act until February 28, 2017. (DE 8; *see also* DE 1). However, at that time, Burrus was in the custody of the State of Indiana, not the United States (*see* DE 11), and had not yet appeared before the Court in this case. Burrus was arrested federally and made his first appearance before the Court in this case on August 2, 2017. (DE 53). At that time, Burrus requested to proceed *pro se*[2] and requested a speedy trial. (DE 53). However, at his detention hearing on August 4, 2017, Burrus and the Government agreed that time used preparing pretrial motions made under Federal Rule of Criminal Procedure 12(b) would be excluded from the Speedy Trial Act's 70-day calculation. (DE 58). These pretrial motions may be filed up to seven days before the final

---

[2] On August 3, 2017, the Court appointed Attorney William S. Lebrato as standby counsel for Burrus. (DE 56).

pretrial conference in this case (DE 62), which is scheduled for December 22, 2017 (DE 63). Therefore, the 70-day clock will not begin to run for Burrus until December 15, 2017.

For the foregoing reasons, Burrus's Motion For a Release on Own Recognizance (DE 72; DE 75) is DENIED to the extent that Burrus requests to be released. To the extent that Burrus also requests that the indictment against him be dismissed, he may file a separate motion requesting such relief.

SO ORDERED.

Entered this 14th of November 2017.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge